IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 1:22 cr24 AW/GRJ

PATRICK PARKER WALSH

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Patrick Parker Walsh as Defendant, Nicole Waid and David Lazarus as attorneys for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

### 2. TERMS

The parties agree to the following terms:

a.      Defendant will plead guilty to Count One (Wire Fraud) and Count Two (Money Laundering) of the Information. As to Count One, Defendant faces a maximum term of twenty years' imprisonment, three years of supervised release, up to a $250,000 fine, and a $100 special monetary assessment. As to Count Two,

1

Defendant faces a maximum term of ten years' imprisonment, three years of supervised release, up to a $250,000 fine, and a $100 special monetary assessment. Defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing.

If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets. The parties agree to, and hereby incorporate by reference, the terms of the attached Plea Agreement Rider.

b.     By voluntarily pleading guilty to the charge(s) in the Information, Defendant, as to the count(s) pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.     Defendant is pleading guilty because Defendant is in fact guilty of the charges alleged in Counts One and Two of the Information. In pleading guilty,



Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charge(s) beyond a reasonable doubt.

d.     Upon the District Court's adjudication of guilt of Defendant for the charged crime(s), the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charge(s), as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e.     Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.     If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g.     The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense(s).



h.     Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense(s) committed by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

## 3. SENTENCING

a.     Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.     The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c.     The parties reserve the right to appeal any sentence imposed.

4



## 4. VICTIM RESTITUTION

Defendant agrees to make full restitution to the victim, the United States Small Business Administration, in the amount of $7,818,167.00. Defendant agrees that the amount of restitution may include losses resulting from related conduct for which Defendant was not convicted, if the loss flowed directly from the relevant conduct of which Defendant was a part.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.



5

_____

Nicole Waid
Attorney for Defendant

08/25/22
Date

_____

Patrick Parker Walsh
Defendant

8-25-22
Date

JASON R. COODY
United States Attorney

_____

Justin M. Keen
Florida Bar No. 021034
Assistant United States Attorney
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
850-942-8430
Justin.Keen@usdoj.gov

8/30/2022
Date

6