IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINSVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 1:22cr24AW/GRJ

PATRICK PARKER WALSH
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM REGARDING OVALO, TEXAS PROPERTY AND RESTITUTION

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files the following memorandum regarding the Ovalo, Texas property and restitution, in aid of sentencing:

**I.   INTRODUCTION**

On August 30, 2022, Defendant Walsh and the government entered into a plea agreement wherein Defendant would plead guilty to Count One (Wire Fraud) and Count Two (Money Laundering) of the Information. The parties further signed a Plea Agreement Rider regarding the collection of restitution and forfeiture obligations.

Defendant Walsh agreed to make full restitution to the victim, the United States Small Business Administration, in the amount of $7,818,167.00. Defendant

1

proposed to pay the restitution by selling certain real and personal properties to maximize the funds available to pay the restitution.

Presumably, Defendant would give his best effort and cooperation to sell his properties agreed and to begin paying the restitution. However, Defendant has not given his best effort and he has not fully cooperated. First, Defendant claims that the home located in Ovalo, Texas, is a business property to be used by the employees of Shiloh Oil while doing business in Texas. The government will show that the Defendant is the true owner of the property, that Defendant purchased the property in the name of an international trust beyond the reach of his creditors, and that the property is used as a second home for his family. Second, Defendant has misrepresented his efforts to sell his property in a good faith attempt to pay the restitution. Third, Defendant has undervalued his assets by failing to include his ownership interest in at least eight more airships than what he reported to his pretrial services officer. Due to these actions, Defendant should not be granted a downward variance in his sentence.

## II. DISCUSSION

### a. The Texas Property

After information appeared in the Presentence Investigation Report regarding a property located at 1402 CR 161, Ovalo, Texas, the Court requested that the parties be prepared to address the home and any related transactions. The

government has conducted a thorough investigation of the public records, as well as bank records, which allow it to draw the conclusion that the Texas property is not owned and controlled by Defendant's employer, Shiloh Oil, as he told his pretrial services officer. Defendant is the true owner of the property and he has attempted to conceal the ownership under various LLCs and an international trust to move it beyond the reach of the government.

    The Texas property first came to the government's attention through several Facebook posts that raised suspicions that Defendant and his family may have relocated to Texas. A screenshot of the Facebook posts is attached at Exhibit 1. After contacting Defendant's pretrial services officer to gather more information about Defendant's travels to Texas, the government was provided with a copy of a letter wherein Defendant requested permission to temporarily relocate to Texas for work, identifying his employer as Shiloh Oil. Defendant asserted that he and his family would be staying at a company provided house located at 1402 CR 161, Ovalo, TX. A copy of the letter is attached at Exhibit 2.

    Upon further investigation, the government discovered that the Texas property is not owned by Shiloh Oil. In fact, the Warranty Deed with Vendor's Lien, attached at Exhibit 3 shows that property is owned by 1402 CR 161, LLC. The mailing address for that LLC is 12 NW 5th Place, Williston, FL, of which

Airsign Group, LLC, is the 100% owner. Defendant is the 100% owner of Airsign Group, LLC, which reports a mailing address of Defendant's personal residence.

1402 CR 161, LLC purchased the property on July 14, 2022, for $718,750.00. The Deed to Secure Debt and Security Agreement shows that 1402 CR 161, LLC is also the borrower of a of a loan in the amount of $575,000.00. The final payment on the loan is due on July 5, 2024. Defendant signed the document as "Patrick Walsh, Manager" on behalf of 1402 CR 161, LLC. A copy of the Deed to Secure Debt and Security Agreement is attached at Exhibit 4. In addition, Section 1.2 (e) of the Absolute Assignment of Rents, attached at Exhibit 5, indicates that Defendant Patrick Walsh and Hannah Walsh personally guaranteed the debt. In addition, Defendant's personal checking account shows a $10,000.00 transfer to First Texas Title in Abilene, TX on April 4, 2022. It is likely that this was an earnest money deposit for the Texas Property. A copy of the bank statement is attached at Exhibit 6.

Defendant purported that the Texas property is used by Shiloh Oil employees as a place to stay while conducting business for Shiloh Oil in Texas. The government requested information to corroborate that statement, and Defendant produced a letter from Jay Cline dated January 26, 2023. The letter stated that four employees, including Patrick Walsh, had stayed at the Texas property, the "Shiloh Oil Base Camp," during the week of January 16, 2023. A

copy of the letter is attached at Exhibit 7.  Assuming that letter was the full disclosure of Shiloh Oil employees who had stayed at the property, no one other than Defendant and his family have stayed there for Shiloh Oil business since the property was purchased in July of 2022.

The Defendant also supplied five pictures of the property, presumably to support the characterization of the Texas property as a "base camp."  They are attached at Exhibit 8.  These pictures are a dishonest portrayal of what the property is actually like.  The home is 3,507 square feet, with 4 bedrooms, 3.5 bathrooms, and a pool, which sits on nearly 35 acres.  Forty pictures from the original listing can be found here: https://www.realtor.com/realestateandhomes-detail/1402-County-Road-161_Ovalo_TX_79541_M90414-61265.  A smaller selection of pictures from the listing is attached at Exhibit 9.  Per the Multiple Listing Service property description displayed on Realtor.com, the listing agent described the property as follows:

> Welcome to your ostentatious custom home resting on 35 panoramic view acres & near the foot of Bald Eagle Mtn! This modern farmhouse styled by Caitlyn Murray of Black Lacquer Designs Los Angeles lives up to its name & features thoughtful custom finishes throughout. Elevated luxury & functional layout is ideal for hosting & includes a formal dining topped with artist painted wallpaper, built in serve ware cabinet, hand crafted glass transoms, kitchen with ample cabinetry & quartz topped counters, prep island, wet bar with wine fridge & coffee station. Carefully selected & hand built lighting completes the look. Owners suite offers 2 walk-in closets with built-in dressers, en suite bath, clawfoot soaking tub & walk-in shower with contemporary tiling. 2nd story living provides boastful rooms, walk-in

closets & built in study with two desks. Watch the game in the well equipped media room. Outdoor living boasts new heated pool & full barndominium apartment with impeccable styling + shop!

While Defendant has represented that this property is a "base camp" used for business travel, is actually a beautiful second home for his family with an estimated value (a Zillow.com "Zestimate") of about $1,100,000.  Even if Shiloh Oil employees stayed at the property while on business, it is doubtful that they would stay in the main house where Defendant's wife and children sleep.  They would only stay in the "barndominium."

    **b. Shiloh Oil Company and the Walsh International & Irrevocable Family Trust**

Defendant has asserted that the Texas property is wholly owned by Shiloh Oil and 1402 CR 161, LLC, which is owned by the Walsh International & Irrevocable Family Trust Indenture (the "Trust").  Defendant has further asserted that he was the grantor of the Trust, legally removing all his rights of ownership to the assets and the trust on August 17, 2020, and that the legal ownership of the trust and its assets belongs to the Trustee, Georgetown Trust.  The Trust was created in Belize and the Trustee is an entity located in Belize.  A copy of the Trust Certificate and The Walsh International & Irrevocable Family Trust Indenture is attached at Exhibit 10.

The government received a copy of the Trust on January 30, 3023.  Schedule A to the Trust reports the following list of assets that Defendant transferred into the Trust:

|   | Value: |
|---|---|
| 1. Shiloh Oil Company, LLC (100% of member interests) | $950,000.00 |
| 2. Eagle Creek Management, LLC (100% of member interests) | $250,000.00 |
| 3. Florida Land Trust | $1,500,000.00 |
| 4. Cash | $200,000.00 |

This information conflicts with Defendant's statements regarding the Trust assets. As Defendant noted on page 33 of his Memorandum in Aid of Sentencing (Doc. 32):

> Mr. Walsh provided the government a Financial Statement of Debtor form and on page 3 stated:  The Walsh Family International & Irrevocable 1) the trust has no liquid money other than a couple thousand to cover trust fees a 2) the Trust does own Shiloh Oil Company Inc which still has operated at a loss and has not recognized a profit yet.

These statements are more evidence of Defendant's dishonesty and they do not support his claim that he has been cooperative with the government.

The Trust is governed by the laws of Belize, which is often described as a tax and trust haven.  Defendant's trust attorney's website, www.nagellaw.com, explains the benefits of an offshore trust in Belize:

7

> Belize has achieved notoriety because it has taken the strongest legislative measures to protect the interests of a trust beneficiary over those of the settler's judgment creditor.
>
> For example, in most of the U.S. states, if litigation arises within one year (often longer) of a trust structure being set up, the courts will "look back" to the trust-creation date and disallow the trust, so that the creditors are able to reach the assets.
>
> By contrast, under Belizian law, once a trust is established, even if litigation begins within one week, the trust assets are protected and beyond the reach of any creditors.
>
> Furthermore, a trustee cannot comply with a settler's demands if those demands are made under duress. Under Belizian law, a settler's demand is deemed to be made under duress if it is made pursuant to a court order. A settler thus can comply with a court order, to reveal assets and know that, in fact, no disclosure will be made.

When Defendant Walsh created the Trust and then transferred ownership of the Texas property into the Trust, the clear motivation was to move valuable assets beyond the reach of the government.

It is important to recall that the fraudulent PPP and EIDL applications began in April 2020 and the Trust was formed three months later in July of 2020. The Trust Agreement clearly shows which assets were transferred into the Trust at the time it was created. On June 2, 2022, Defendant converted Shiloh Oil into a corporation and named the Trust as the incorporator. Defendant signed the Profit Corporation Articles of Incorporation as the CEO of the Trust. The document was not filed with the State of Wyoming until November 30, 2022. A copy of the Articles of Incorporation is attached at Exhibit 11.

The Trust was created while Defendant was actively committing fraud against the government. The Texas property, which Defendant asserts is owned by the Trust, was purchased while Defendant was under investigation and negotiating the Plea Agreement Rider. These actions do not support Defendant's claim that he has been cooperating with the government and giving his best effort to pay restitution. On the contrary, Defendant has been actively attempting to protect his valuable assets from the reach of the government by creating new businesses and transferring ownership to the Trust.

Despite the creation of the Trust or any other documents that Defendant has signed to make it appear that he does not have ownership and control of the Texas property and other Shiloh Oil assets, he continues to control and benefit from the assets. First, Defendant has identified himself as the CEO of the Trust. Second, Defendant sold the property located at 7005 State Highway, Cisco, TX, which was owned by Shiloh Oil. The proceeds of the sale were transferred to the government to pay Defendant's restitution. A copy of the warranty deed signed by Defendant Patrick Walsh as the managing member and authorized seller of Shiloh Oil is attached at Exhibit 12. If Defendant can sell the Shiloh Oil-owned property located at 7005 State Highway, he can sell the Shiloh Oil-owned property located at 1402 CR 161.

### c. Defendant is not working aggressively to sell his assets.

Defendant has asserted that he has been working aggressively to sell his assets and has been selling them at a near fire-sale basis. He further states that he submitted to the government a timeline of sales that are scheduled to close in the next 120 days. (Walsh's Presentencing Memo, page 22. Doc. 32.). An email showing the apparent timeline of sales is attached at Exhibit 13. The status of the property is summarized as follows:

| Property | Estimated Value Per Plea Agreement Rider 8/30/22 | Sale Status |
|---|---|---|
| 12 NW 5th Pl Williston, FL | $1,503,865, less costs and fees | For sale<br>Not under contract |
| Sweetheart Island Yankeetown, FL | $1,200,000 less costs and fees | For sale<br>Not under contract |
| 8657 NE 150th Ave. Williston, FL | $430,000 less costs and fees | Not for sale |
| 541 SE 1st Ave Williston, FL | $66,000 less costs and fees | Not for sale |
| 7005 State Hwy 183 Cisco, TX | $504,000 less costs and fees | Sold 11/15/2022<br>USA received $453,510.95 |
| Commercial Property Hwy 19 Dixie County, FL | $300,000 less costs and fees | Sold 12/16/22<br>USA to receive $8,976.09 |
| Airships<br><br>At least three undisclosed airships | Four unnamed airships at $800,000 each | Purchase agreement- A60R airship SN180 for $1,125,000.00.<br><br>Status of other airships is unknown. |

Despite Defendant's claim that the properties are scheduled to close within 120 days, there are no purchase agreements and not all the properties are listed for sale.

The Defendant agreed in the Plea Agreement Rider that he intended to sell four airships, valued at $800,000.00 each.  It does not appear that any airships were included in the valuation of Defendant's business or personal assets in the PSR.  Defendant has at least eight airships registered under his various "Airsign" business names, not including the airship recently sold to LTA.  Records from the FAA are attached at Exhibit 14.  The businesses with FAA-registered airships include: Airsign Airship Group, LLC, Airsign Airships America, LLC (co-owner Airsign Airships Title, LLC), and Airsign Airships Asia Pacific, LLC.  If each airship has an estimated value of $800,00.00, as suggested by Defendant's valuation in the Plea Agreement Rider, the potential sale value is $6,400,000.00.  However, those airships were not disclosed as assets in the PSR and there is no indication that Defendant is attempting to sell these airships to quickly pay his restitution.

### III.  CONCLUSION

The Ovalo, Texas property is a valuable asset that Defendant has mischaracterized as not being owned by him and not in his control.  In fact, Defendant created the Trust for the purposes of hold assets for his own benefit and has continued to put valuable property into the Trust.  In addition, Defendant has

not been aggressively selling his property, as he has represented.  Finally, Defendant did not make a full and honest disclosure of the value of his assets to his pretrial services officer.  Defendant should not be granted a downward variance.

Respectfully submitted,

JASON R COODY
United States Attorney

**/s/ Katherine C. Kerwin**
KATHERINE C. KERWIN
Assistant United States Attorney
Michigan Bar Number P73070
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
Katherine.Kerwin@usdoj.gov
(850) 942-8430

Dated: January 30, 2023

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum complies with the word limitation of Local Rule 7.1(F) because this pleading contains less than 2,578 words.

**/s/ Katherine C. Kerwin**
KATHERINE C. KERWIN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 30th[th] day of January, 2023, which will send notification of such filing to all counsel of record.

/s/ **Katherine C. Kerwin**
KATHERINE C. KERWIN
Assistant United States Attorney