IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHRN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                            CASE NO. 1:22cr24-AW-MAL

PATRICK PARKER WALSH,
    Defendant/Judgment Debtor,

and

TRUSTBANK,
    Garnishee.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff United States of America's Motion for Entry of Final Order of Garnishment. ECF No. 49. The motion was referred to the undersigned in accordance with Northern District of Florida Local Rule 72.3. For the reasons stated below, I recommend that the United States of America's Motion for Entry of Final Order of Garnishment be GRANTED.

## BACKGROUND

1. On January 31, 2023, in conjunction with convictions for Wire Fraud and Money Laundering, the court imposed a criminal judgment against the Defendant, Patrick Parker Walsh, that included $200 in special monetary

1

assessments and restitution payable to the Small Business Administration in the amount of $7,818,167.00, with interest to accrue as provided by law. ECF No. 38 at 6.

2. On August 22, 2023, the United States of America filed an Ex Parte Motion for Writ of Garnishment to TrustBank in accordance with Title 28, United States Code, Section 3205, of the Federal Debt Collections Procedures Act. ECF No. 43.

3. On August 22, 2022, the Court entered an order granting the motion for writ of garnishment to TrustBank and directed the clerk to issue the writ. ECF No. 45.

4. On September 11, 2023, garnishee TrustBank filed and served an answer confirming that it held $7,769.18 in monetary funds of the Defendant Patrick Parker Walsh; Airsign Airship Group, LLC; Airsign, Inc.; and the Walsh Family Land Corp.[1] ECF No. 47.

---

[1] Airsign Airship Group, LLC; Airsign Inc.; and the Walsh Family Land Corp. are corporate entities that are 100% owned by Defendant Patrick Parker Walsh. See ECF 37-1, Net Worth Statement, Section K. Defendant Patrick Parker Walsh was convicted of misusing these specific corporate entities, among others, to make false and fraudulent representations as charged in Count I (wire fraud), resulting in losses for which restitution was ordered. ECF No. 1 at 7; ECF No. 18 at 7-9, 10-12, 12-14; ECF No. 29 at ¶¶ 14, 16. It is therefore appropriate to pierce the corporate veil and garnish the property of these corporate entities to collect restitution owed by Defendant Patrick Parker Walsh. *See Whirlpool Corp. v. Freight Revenue Recovery of Miami, Inc.*, 765 F. App'x 986, 988-89 (11th Cir. 2018) (recognizing exceptions to the general rules that "a creditor may not satisfy its judgment by garnishing the property of an entity that was not a party to the underlying judgment" and "a corporation and its owner are distinct entities and generally not liable for one another's debts").

5. On September 18, 2023, the United States of America filed a return receipt showing service by certified mail on Garnishee TrustBank on September 5, 2023, and on Defendant Patrick Parker Walsh, through his attorney Nicole Hughes Waid, on September 1, 2023. ECF No. 46. Although there is no indication on the return receipt what was served, the dates of service correspond with the United States of America's statement that Defendant was served with the garnishment package on September 1, 2023 (ECF No. 49 at ¶ 3), and TrustBank's answer dated September 6, 2023 (ECF No. 47) indicating that it had been served with the writ of garnishment.

6. On September 28, 2023, the United States of America filed a Motion for Entry of Final Order of Garnishment. ECF. 49. In the motion, the United States of America states:

   a. The writ was served on TrustBank,

   b. The writ with notice of exemptions was served on Defendant Patrick Parker Walsh on September 1, 2023,

   c. Defendant Patrick Parker Walsh was served with TrustBank's answer by Trustbank,

   d. Defendant Patrick Parker Walsh has not filed any claim for exemption or objection to TrustBank's answer, and

   e. Defendant Patrick Parker Walsh has not requested a hearing.

ECF No. 49 ¶¶ 1, 3.

7. On October 2, 2023, twenty days passed from Defendant Patrick Parker Walsh's receipt, through his attorney Nicole Hughes Waid by notice of electronic filing, of TrustBank's answer on September 11, 2023. ECF No. 47. To date, no objection or request for hearing has been filed.

## DISCUSSION

The United States of America is authorized to enforce restitution orders in criminal cases using remedies available for enforcement of civil judgments. 18 U.S.C. § 3613(a) and (f)[2]; 18 U.S.C. § 3664(m)(1)(A)[3]. One civil remedy available to the United States of America under the Federal Debt Collections Act is a proceeding in garnishment under Title 28, United States Code, Section 3205.

The United States of America has complied with the garnishment procedures. Specifically:

---

[2] "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3616(f).

[3] "An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or … by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i) and (ii).

4

1. The United States of America filed a motion for writ of garnishment that meets the requirements of Title 28, United States Code, Section 3205(b). ECF No. 43.

2. The court issued a writ of garnishment that complies with the form of Title 28, United States Code, Section 3205(c)(2), and includes instructions to TrustBank and notice to Defendant Patrick Parker Walsh of his right to claim exemptions and request a hearing under Title 28, United States Code, Section 3202(b). ECF No. 43-1.

3. The United States of America served TrustBank and Defendant Patrick Parker Walsh with a copy of the writ as required by Title 28, United States Code, Section 3205(c)(3). ECF Nos. 46, 49 ¶¶ 1 and 3.

4. On September 11, 2023, TrustBank's answer was filed with the court and served on Defendant Patrick Parker Walsh and the United States of America as required by Title 28, United States Code, Section 3205(c)(4). ECF No. 47 and notice of electronic filing; *see* Fed. R. Civ. P. 5(b)(1) and (2)(E).

5. Twenty days have passed since receipt of the answer and no objection or request for hearing has been filed.

Because no hearing has been requested and there are no disputed issues to be tried, the United States of America is entitled to judgment on TrustBank's answer, in accordance with Title 28, United States Code, Section 3205(c)(7).

## **RECOMMENDATION**

Based on the foregoing, it is respectfully RECOMMENDED that:

1. The United States of America's Motion for Entry of Final Order of Garnishment (ECF No. 49) be GRANTED.

2. Judgment in garnishment against Garnishee TrustBank be entered in the sum of $7,769.18.

3. TrustBank be directed to issue a check in the amount of $7,769.18 payable to the "U.S. District Clerk of Court" with the notation "1:22cr24," and to send the check to: U.S. District Clerk of Court, Joseph Woodrow Hatchett United States Courthouse and Federal Building, 111 North Adams Street, 3rd Floor, Tallahassee, Florida, 32301.

4. The Court order Plaintiff's Ex Parte Motion for Writ of Garnishment (ECF No. 43) and TrustBank's answer (ECF. No. 47) be unsealed because there is no reason to keep these documents sealed.

DONE on October 3, 2023.

s/ *Midori A. Lowry*  
Midori A. Lowry  
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**